UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAMIEN BANKS,

        Plaintiff,                            Case No. 1:18-cv-538

v.                                              Honorable Janet T. Neff

GREG TORREY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Cline. The Court also will dismiss Plaintiff's due process, conspiracy, and state-law claims against Defendant Torrey. The Court will serve Plaintiff's retaliation claim against Defendant Torrey.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Trinity Food Service Director Greg Torrey and LCF Classification Supervisor Scott Cline.

Plaintiff alleges that he held a prison job in food services. On an unspecified date before November 2, 2017, Plaintiff filed a grievance about unfair treatment in his job assignment. The grievance apparently was resolved in Plaintiff's favor, and he was returned to his job assignment. On November 2, 2017, Plaintiff asked food service employee (unknown) Knight to move him to a different work station, because a prisoner with a gender identity disorder was harassing Plaintiff. Knight refused to move Plaintiff and instructed him that, if he asked again, he would be terminated from his job in food service. After Defendant Torrey came to work, Knight informed Torrey of Plaintiff's request. Defendant Torrey issued Plaintiff a Class-II misconduct ticket for disobeying a direct order, and he was laid off from his work assignment on November 3, 2017, pending his hearing on the misconduct charge.[1]

Plaintiff never received a copy of the misconduct charge or a hearing on that charge. Defendant Cline, however, apparently received a copy of the ticket. On November 12, 2017, Plaintiff filed a grievance, claiming that his due process rights were violated when he was removed from his position for a misconduct, but never received a hearing. During the investigation of Plaintiff's grievance, Defendant Cline sent a memorandum to the Step-I grievance responder J.

---

[1] Under Mich. Dep't of Corr. Policy Directive 05.01.100 ¶ EE, "a prisoner who is charged with any misconduct may be temporarily suspended (i.e., "laid in") from his/her assignment pending the misconduct hearing."

2

Houtz. Cline reported that Defendant Torrey claimed to have turned in three tickets on November 2, 2017. However, the ticket on Plaintiff Banks was never logged in at the control center, and, consequently the ticket was never processed. (ECF No. 1-1, PageID.13.) Defendant Cline advised Houtz that Plaintiff must be returned to his job, and he indicated that he would instruct Defendant Torrey about the need to enter misconducts into the control center misconduct log in the future. (*Id.*) Plaintiff was thereafter returned to his assignment, and his grievance was denied on November 21, 2017, because it had been resolved. The grievance response noted that policy required the temporary suspension of a prisoner charged with a misconduct and that, under the policy, when a prisoner is found not guilty, the prisoner must be paid for the time he was removed from his assignment. (Step-I Grievance Response, ECF No. 1-1, PageID.12; Mich. Dep't of Corr. Policy Directive 05.01.100 ¶ GG.)

Plaintiff appealed his grievance response to both Step II and Step III, contending that it had not been fully resolved. Plaintiff stated that Defendant Torrey's account of the missing misconduct was not credible, and Plaintiff believed that he was a victim of a conspiracy to deprive him of due process. (Grievance Appeal Form, ECF No. 1-1, PageID.10.) Plaintiff's grievance appeal was denied at both Step II and Step III. (*Id.*, PageID.10-11.)

Plaintiff alleges that, after he returned to work, Defendants Torrey and Cline "trumped up" a rule violation, in retaliation for Plaintiff having won his grievance. Plaintiff provides no details of the alleged rule violation or the resulting misconduct determination. However, he alleges that, after Torrey issued the misconduct ticket, Plaintiff lost his job and was placed on "OO" or "unemployable" status, under which he cannot be employed for at least 30 days and cannot have out-of-cell activities during working hours. (Compl., ECF No. 1, PageID.5; Mich. Dep't of Corr. Policy Directive 05.01.100 ¶¶ Z, BB-DD.)

Plaintiff contends that Defendants Torrey and Cline retaliated against him and conspired to retaliate against him for filing and succeeding on his grievance prior to November 2, 2017, and his grievance filed on November 12, 2017, in violation of the First Amendment. He also claims that he was deprived of his right to procedural due process when he did not receive a hearing on the November 2, 2017 misconduct charge. In addition, he claims that Defendants' actions constituted harassment of and retaliation against a prisoner, in violation of Mich. Comp. Laws § 19.142. Finally, Plaintiff contends that Defendants' actions, including conduct that violated state law and customs, amounted to deliberate indifference to his state and federal rights.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due Process

Plaintiff alleges that he was terminated from his prison job based on false misconduct charges on which he never received a hearing. In addition, he contends that Defendants violated state law, policy and customs, in violation of his right to due process.

Plaintiff's first claim, that he was wrongfully terminated from his prison job without due process, does not state a constitutional violation. The Sixth Circuit has consistently found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison

5

employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Moreover, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 69 F. App'x at 680 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Under these authorities, Plaintiff fails to state a due process claim arising from the termination of his prison employment.

Further, Plaintiff fails to state a due process claim based on alleged violations of state law or prison policy. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I misconduct. (See Policy Directive 03.03.105, ¶ AAAA). Because he faced only a Class II misconduct charge, he did not even risk the denial of good time or disciplinary credits—much less suffer it—as a result of any misconduct conviction. The Sixth Circuit has routinely held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter*, 69 F. App'x at 680; *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney*

6

*v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff, therefore, fails to state a due process claim arising from alleged violations of state law and policy.

As a consequence, Plaintiff's procedural due process claims against both Defendants will be dismissed.

### B. Retaliation

Plaintiff asserts that Defendant Torrey retaliated against him by filing false misconduct charges against him on November 2, 2017, and again sometime after November 12, 2017, in retaliation for Plaintiff having filed successful grievances against him. Plaintiff also alleges that Defendant Cline conspired with Defendant Torrey to retaliate against Plaintiff in relation to both misconduct charges.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Upon initial review, the Court concludes that Plaintiff has made sufficient allegations against Defendant Torrey to warrant service of the retaliation claims.

However, Plaintiff fails to state a retaliation claim against Defendant Cline. First, Plaintiff's claim that Defendant Cline conspired with Defendant Torrey to retaliate is supported

7

by nothing more than a conclusory allegation of conspiracy. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff alleges no more than that Cline, as the Classification Director, acted under policy to remove Plaintiff, whether temporarily or permanently from his prison job, when he received a misconduct report from Defendant Torrey, who worked in food service. Plaintiff utterly fails to allege that Defendant Cline had any particular relationship with Torrey or that Cline had any reason to be upset by a grievance against one of Torrey's employees or Torrey himself. Under these circumstances, any claim of conspiracy between Torrey and Cline is conclusory and speculative. Defendant Cline was responsible for enforcing classification policy, which itself required Cline to temporarily suspend a prisoner whenever a misconduct charge was filed against him. Mich. Dep't of Corr. Policy Directive 05.01.100 ¶ EE. And, upon a finding of guilt at an initial misconduct hearing, Cline was required to consider reassignment of the prisoner. *Id.* ¶ FF.

8

Thus, Cline had every reason to take the actions he did irrespective of any retaliatory motive, and Plaintiff has utterly failed to allege a factual basis supporting an improper motive. Indeed, after investigating the failure of the prison to conduct a hearing on the first misconduct charge, Defendant Cline concluded that Plaintiff must be restored to his prison job, a fact cutting against a finding of conspiracy. Taken together, Plaintiff's allegations do not even hint at a "possibility" of conspiracy, much less contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Under these circumstances, Defendants' parallel conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the actions of Defendants Torrey and Cline were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

Further, Plaintiff fails to allege an independent claim of retaliation against Defendant Cline. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive). Plaintiff merely alleges the ultimate fact of retaliation with respect to

9

Defendant Cline. He has not presented any facts to support his conclusion that Defendant Cline retaliated against him because he filed a grievance against an unnamed food service employee and/or Defendant Torrey. As a result, his speculative allegation or retaliation against Defendant Cline fails to state a claim.

Accordingly, the Court will dismiss Plaintiff's claim that Defendants conspired with one another to retaliate against him. The Court also will dismiss Plaintiff's retaliation claim against Defendant Cline. The Court will order the retaliation claim against Defendant Torrey served.

### C. State-Law Claim under Mich. Comp. Laws § 19.142

Plaintiff contends that Defendants violated Mich. Comp. Laws § 19.142(e), which makes it a misdemeanor for a person to "[c]onduct himself or herself in a disorderly manner upon the premises or annoy, harass, assault, or disturb an inmate or person cared for or under the control of the board or department having jurisdiction." *Id.*; *see also* Mich. Comp. Laws § 19.141 (providing that a violation of the act is a misdemeanor). The statute provides for the appointment of an authorized person to bring a complaint before a court for prosecution, Mich. Comp. Laws § 19.144, and authorizes only the prosecuting attorney for the county in which the offense occurs to prosecute violators of the act. Mich. Comp. Laws § 19.145.

To the extent that Plaintiff contends that Defendants' violation of a state criminal statute provides a basis for relief in a federal civil rights action, he fails to state a cognizable claim. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th

Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, Plaintiff lacks both standing and legal authority to enforce Mich. Comp. Laws § 19.142. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Booth v. Henson*, 290 F. App'x 918, 920-21 (6th Cir. 208) (private citizen lacks standing and legal authority to initiate criminal charges); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions). No private right of action exists under Mich. Comp. Laws § 19.142. *Brady v. Alvarado*, No. 09-CV-13365-DT, 2010 WL 2104544, at *1 (E.D. Mich. May 19, 2010). Plaintiff's state-law claim therefore will be dismissed with prejudice for failure to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Cline will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss Plaintiff's due process, conspiracy, and state-law claims against Defendant Torrey. The Court will serve Plaintiff's retaliation claim against Defendant Torrey.

An Order consistent with this Opinion will be entered.


Dated: June 6, 2018 /s/ Janet T. Neff
Janet T. Neff
United States District Judge