UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAMIEN BANKS #504504,

               Plaintiff,                                    Hon. Janet T. Neff

v.                                                  Case No. 1:18-cv-538

GREG TORREY, et al.,

               Defendant.

_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 33), and Defendant's Motion for Summary Judgment, (ECF No. 35).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and Defendant's motion be **granted in part and denied in part**.


## BACKGROUND

        The following allegations are contained in Plaintiff's amended complaint.   (ECF No. 27).   As of October 3, 2017, Plaintiff was incarcerated at the Lakeland Correctional Facility, a prison operated by the Michigan Department of Corrections (MDOC).   On this date, the Assistant Food Service Director terminated Plaintiff from his work assignment in food services.   On October 8, 2017, Plaintiff filed a grievance alleging wrongful termination.   On October 19, 2017, Plaintiff was reinstated to his food service position following a determination that he had been wrongfully terminated.

        On November 2, 2017, Food Service Director Greg Torrey stated to another prisoner that, "I don't know who Banks thinks he is, that grievance he wrote just got his ass fired."   The

following day, Torrey terminated Plaintiff's work assignment.   Plaintiff filed another grievance alleging wrongful termination and retaliation.   Following an investigation, Plaintiff was again reinstated to his food service work assignment.

On March 11, 2018, an MDOC officer searched Plaintiff's cell at Torrey's behest on the ground that Plaintiff had stolen a time card.   While conducting this search, the officer stated to Plaintiff, "you are making things easy for Greg, Greg is going to love this, you are done in food service."   That same day, the officer charged Plaintiff with "creating a disturbance," a charge of which Plaintiff was found guilty.   Based on this finding, Torrey again terminated Plaintiff from his food service work assignment.

Plaintiff initiated this action against Greg Torrey alleging violation of his First Amendment right to be free from unlawful retaliation and his Fourteenth Amendment right to the equal protection of the law.   Plaintiff also asserts a state law claim for intentional infliction of emotional distress.   Plaintiff seeks compensatory and punitive damages.   The parties have both moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible

evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle."   *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."   *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.        **Intentional Infliction of Emotional Distress**

Plaintiff alleges that Defendant committed a state law tort by "intentionally inflict[ing] emotional and mental stress" on him through the various actions described above. The Court interprets Plaintiff's allegations as asserting a claim for intentional infliction of emotional distress (IIED) under Michigan law.

To prevail on this claim, Plaintiff must establish: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *See Ghannam v. Weiss*, 2013 WL 3025143 at *1 (Mich. Ct. App., June 18, 2013). In the context of an IIED claim, "extreme and outrageous conduct" has been defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yost v. Paychex, Inc.*, 1998 WL 1989811 at *16 (Mich. Ct. App., Sept. 29, 1998) (quoting Restatement Torts, 2d. § 46); *see also*, *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005) (citing Michigan law).

Plaintiff has failed to identify any authority holding (or even suggesting) that Defendant's alleged conduct constitutes "extreme and outrageous" conduct under Michigan law. Moreover, the Court finds that no reasonable juror could find, based on the present record, that

-4-

Defendant's conduct constituted such.   Furthermore, Plaintiff has neither identified nor presented evidence that he suffered severe emotional distress.   Accordingly, the undersigned recommends that with respect to Plaintiff's claim for intentional infliction of emotional distress, Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

II.        **State Action**

            During the time period relevant to this action, Defendant was employed by Trinity Services Group, Inc., a private company with which the MDOC contracted to provide food services for inmates.   Plaintiff initiated this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated.   Section 1983 authorizes Plaintiff to initiate a civil action against any person who violates his rights under color of state law.   *See* 42 U.S.C. § 1983.   In other words, a § 1983 action can only be asserted against a person properly characterized as a "state actor."   *See Thomas v. Nationwide Children's Hospital*, 882 F.3d 608, 612-14 (6th Cir. 2018).   Defendant argues that he is entitled to relief because he is not properly characterized as a state actor.

            While § 1983 actions cannot generally be asserted against private actors, the actions of private individuals can constitute state action where the individual's conduct "is fairly attributable to the state."   *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).   This standard is satisfied where a private individual exercises power or authority "exclusively reserved to the State."   *Id.* at 827-28.   That threshold is easily satisfied here as courts have routinely and consistently found that private actors employed by entities with which the MDOC contracts to provide constitutionally required services such as medical care and food services are, in fact, properly characterized as state actors.   *See, e.g., Vartinelli v. Aramark Correctional Services, LLC*, 2019 WL 1402653 *4-5 (E.D. Mich., Mar. 28, 2019); *Brockman v. McCullick*, 2018 WL 3207902 at *3 (E.D. Mich., June 29, 2018); *Dykes v. Marshall*, 2016 WL 1059618 at *3 (W.D. Mich., Mar. 17, 2016).   Accordingly, this

argument is rejected and the undersigned finds that Defendant is a state actor for purposes of this action.

III.        **Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on his equal protection claim, Plaintiff must demonstrate that "the government treated [him] 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

In his complaint, Plaintiff alleges that his equal protection rights were violated because Defendant "failed to follow [MDOC] procedures," regarding termination of an inmate's prison work assignment, "that would apply to all other prisoners similarly situated." Plaintiff, however, has neither presented nor identified any evidence that any other similarly situated prisoner was, in fact, treated differently with respect to the process by which prison work assignments are terminated. This is fatal to Plaintiff's claim. *See, e.g., Truss v. Michigan Department of Corrections*, 2019 WL 3282659 at *5 (W.D. Mich., July 22, 2019). Accordingly, as to Plaintiff's equal protection claim, the undersigned recommends that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

IV.        **Respondeat Superior**

Defendant next makes the unusual argument that *he* is subject to liability in this action only if Plaintiff's alleged injuries were caused by a "practice, policy, or custom" of the entity for which he was employed.   This argument reflects a profound misunderstanding of applicable law.   The authority Plaintiff cites in support of this argument stands for the well-recognized principle that an entity cannot be held vicariously liable for the acts of its employees unless such acts are attributable to the entity, by way of evidence that the individual acted pursuant to a practice, policy, or custom of the entity.   *See, e.g., Baker v. Stevenson*, 605 Fed. Appx. 514, 520 (6th Cir., Mar. 30, 2015).   However, Plaintiff has not asserted a claim against Defendant's employer or any other entity.   Plaintiff has failed to identify any authority which stands for (or even remotely supports) the proposition that a person alleged to have violated another person's constitutional rights can be held responsible for such only if the person acted pursuant to a practice, policy, or custom of his employer.   Accordingly, this argument is rejected.

V.        **Retaliation**

As noted above, Plaintiff alleges that on October 8, 2017, he filed a grievance alleging that he was wrongfully terminated from his prison work assignment by the Assistant Food Service Director.   While this grievance was not asserted against Defendant, Plaintiff alleges that Defendant nevertheless retaliated against him for filing this grievance by seeking to terminate his prison work assignment.   To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.   *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

A.    Constitutionally Protected Conduct

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)).   This protection also guarantees to inmates the right to file non-frivolous grievances.  *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected conduct).

In his verified complaint, Plaintiff alleges that following the submission of his October 8, 2017 grievance, it was determined that he had been wrongfully terminated from his prison work assignment.   Plaintiff has submitted copies of the grievance and response thereto which are consistent with Plaintiff's assertions.   (ECF No. 33-1 at PageID.134).   Defendant has presented no evidence to the contrary.   At this juncture, therefore, there is no factual dispute as to whether Plaintiff was engaged in protected conduct.

B.    Adverse Action

As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law."  *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).   As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Ibid.*   Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury."  *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) (quoting *Bell*, 308 F.3d at 603).

Plaintiff alleges that Defendant took the following adverse action against him: (1) improperly terminated Plaintiff, on two different occasions, from his prison work assignment in food service, and (2) falsely charged Plaintiff with a misconduct violation which was subsequently dismissed.   As the Sixth Circuit has held, a reasonable juror can find that such conduct is sufficient to satisfy the adverse action element of a retaliation claim.   *See, e.g., Maben*, 887 F.3d at 266-67 (deprivation of privileges that accompanies a conviction on a prison misconduct charge "is hardly inconsequential"); *Walton v. Gray*, 695 Fed. Appx. 144, 145 (6th Cir., Aug. 16, 2017) (loss of a prison work assignment is not inconsequential).   Accordingly, the Court finds that there exist unresolved questions of fact regarding this particular element of the analysis.

C.    Causation

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence."   *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken.   *Thaddeus-X*, 175 F.3d at 399 (citations omitted).   Conclusory allegations of retaliatory motive are insufficient, however.   *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004).   Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred.   *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

In the absence of direct evidence of causation, this element is analyzed under the familiar burden-shifting framework employed in other contexts.   *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007) (employing the burden shifting framework in a First Amendment retaliation claim); *Hendrick v. Western Reserve Care System*, 355 F.3d 444, 453 (6th Cir. 2004) ("the direct

evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both").

When attempting to satisfy this element through circumstantial evidence, Plaintiff must present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

On the question of causation, the evidence presently before the Court reveals the following. On October 8, 2017, Plaintiff filed a grievance alleging that the Assistant Food Service Director wrongfully terminated him from his prison work assignment. It was subsequently determined that Plaintiff had, in fact, been wrongfully terminated and he was restored to his work assignment on October 19, 2017. Plaintiff has submitted an affidavit from June Abney who asserts that on November 2, 2017, he witnessed and heard Defendant state, "I don't know who Banks thinks he is, that grievance he wrote just got his ass fired." (ECF No. 39-1 at PageID.313). The following day, Defendant terminated Plaintiff from his prison work assignment. This determination was subsequently vacated and Plaintiff returned to work in food services.

On March 11, 2018, an MDOC Officer searched Plaintiff's cell on the ground that Plaintiff was "suspected of stealing." During the course of conducting this search, the officer stated, "Banks your (sic) making this real easy for us. Food Service Director Torrey is going to love this.

-10-

Your (sic) done in food service for good this time."   (ECF No. 39-1 at PageID.315).   The following day, Defendant again terminated Plaintiff from his food service assignment.   Defendant has not submitted an affidavit in support of his motion for summary judgment, or in opposition to Plaintiff's motion for summary judgment, but has submitted a discovery response in which he denies making the statement attributed to him by June Abney.   (ECF 36-1 at PageID.214-15).   Defendant further asserted in this discovery response that he neither charged Plaintiff with a misconduct violation nor terminated Plaintiff from his prison work assignment because of any grievances Plaintiff may have filed.   (*Id.*).

This evidence reveals that there exists a genuine factual dispute whether Plaintiff can demonstrate the requisite causal connection between his protected conduct and the adverse action he allegedly suffered.   Plaintiff has presented direct evidence that Defendant intended to terminate Plaintiff's employment because of the grievance Plaintiff filed.   Defendant, however, asserts that his actions were not motivated by any grievance Plaintiff pursued.   Based on the evidence thus far submitted, a reasonable juror could conclude that Plaintiff can satisfy the "but-for" causation standard as the evidence supports the conclusion that Defendant's alleged actions "would not have been taken absent the retaliatory motive."

In sum, genuine disputes of fact remain as to the adverse action and causation elements. Accordingly, the undersigned recommends that with respect to Plaintiff's retaliation claim, Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be denied.

## VI.        Physical Injury Requirement

Federal law provides that no civil action "may be brought by a prisoner. . .for mental or emotional injury. . .without a prior showing of physical injury. . ."   42 U.S.C. § 1997e(e).   Citing to this provision, Defendant argues that he is entitled to summary judgment as to Plaintiff's retaliation

claim because Plaintiff has presented no evidence that he suffered a physical injury as a result of Defendant's alleged actions.   The Sixth Circuit has rejected this argument.   *See King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) ("we hold that § 1997e(e) does not foreclose claims that allege violations of First Amendment-protected rights as injuries").   This Court likewise rejects this argument.

## VII.          Punitive Damages

Finally, Defendant moves the Court to dismiss Plaintiff's claims for punitive damages. Punitive damages are available in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."   *Id.* at 216.   The evidence thus far submitted, interpreted in Plaintiff's favor, is sufficient for a reasonable juror to conclude that Defendant acted recklessly or with callous indifference to Plaintiff's constitutional rights.   Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 33), be **denied**, and Defendant's Motion for Summary Judgment, (ECF No. 35), be **granted in part and denied in part**.   Specifically, the undersigned recommends that Plaintiff's intentional infliction of emotional distress and equal protection claims be dismissed, but that Plaintiff's retaliation claim go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: September 16, 2019                                    /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge