UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN BANKS,

    Plaintiff,

v.

GREG TORREY, et al.,

    Defendants.
_____/

Case No. 1:18-cv-538

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff and Defendant Greg Torrey filed cross-motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Plaintiff's motion be denied and Defendant's motion be granted in part and denied in part. The matter is presently before the Court on Defendant's objections to the denial of summary judgment as to Plaintiff's retaliation claim. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

***Objection One***. Defendant argues that the Magistrate Judge erred in finding the following facts "undisputed or beyond genuine issue":

> (1) "[o]n November 2, 2017, Food Service Director Greg Torrey stated to another prisoner that, 'I don't know who Banks thinks he is, that grievance he wrote just got his ass fired'" and (2) that "[o]n March 11, 2018, an MDOC officer searched Plaintiff's cell at Torrey's behest on the ground that Plaintiff had stolen a time

> card…[and] stated to Plaintiff, 'you are making things easy for Greg, Greg is going to love this, you are done in food service.'"

(Pl. Obj., ECF No. 48 at PageID.484-485, citing R&R, ECF No. 47 at PageID.470-471). However, this objection mischaracterizes the Report and Recommendation as the Magistrate Judge did not find the facts undisputed. The Magistrate Judge merely identified the evidence before the court from both Plaintiff and Defendant and ultimately concluded, "[t]his evidence reveals there exists a genuine factual dispute …" (R&R, ECF No. 47 at PageID.480). Defendant's objection is without merit.

***Objection Two.*** In his second objection, Defendant apparently disagrees with the Magistrate Judge's determination that a reasonable trier of fact could find causation[1] (Pl. Obj., ECF No. 48 at PageID.484-487; R&R, ECF No. 47 at PageID.478-480). Defendant asserts that he presented developed arguments establishing that Plaintiff failed to meet the causation element of his First Amendment retaliation claim. Defendant also challenges the "findings" in the Report and Recommendation that Defendant terminated Plaintiff from his food service assignment, and asserts that he had no control over Plaintiff's work assignment or Plaintiff's termination (ECF No. 48 at PageID.487).

Defendant's objection essentially reiterates the governing legal principles, which were acknowledged by the Magistrate Judge in the Report and Recommendation, and restates his contention that no evidence supports the requisite causation (ECF No. 48 at PageID.485-487). However, the Magistrate Judge appropriately considered whether Plaintiff could satisfy the "but-

---

[1] Defendant's objection states "Defendant further objects to the Magistrate's September 16, 2019 Report and Recommendation denial of her Motion as to Plaintiff's First Amendment retaliation claim because (1) the Court improperly found that Defendant presented arguments which demonstrated that no reasonable trier of fact could find in Plaintiff's favor on the causation element of the his First Amendment retaliation claim. . . ." (ECF No. 48 at PageID.484). The Court interprets this to refer to the Report and Recommendation <u>not</u> finding for Defendant based on causation arguments.

for" causation standard based on the evidence presented and properly concluded that there were genuine factual disputes precluding summary judgment. Defendant's objection to the contrary is denied.

***Objection Three.*** Defendant also argues that the Magistrate Judge erred in disregarding Defendant's respondeat superior argument (Pl. Obj., ECF No. 48 at PageID.487-489; R&R, ECF No. 47 at PageID.476). The Magistrate Judge considered Defendant's argument and noted that it reflected a "profound misunderstanding of applicable law" (ECF No. 47 at PageID.476). In his objection, Defendant restates his legal theory of respondeat superior in the context of the general legal principles, but again provides no valid basis for application of these principles under the circumstances presented (ECF No. 48 at PageID.488). As the Magistrate Judge observed, respondeat superior in inapplicable because "Plaintiff has not asserted a claim against Defendant's employer or any other entity (ECF No. 47 at PageID.476). This objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 33) is DENIED, and Defendant's Motion for Summary Judgment (EFC No. 35) is GRANTED in

part and DENIED in part. Plaintiff's intentional infliction of emotional distress and equal protection claims are dismissed, but Plaintiff's retaliation claim shall go forward.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: January 10, 2020                     /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge