**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAMIEN BANKS, #504504,

                             Plaintiff,

vs.                                Civ. Action No. 1:18-cv-00538-JTN-SJB

                                           Hon. Janet T. Neff

GREG TORREY,

                             Defendant.

**DEFENDANT GREG TORREY'S BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE
DISPOSITIVE MOTIONS AND FOR AMENDMENT OF SCHEDULING ORDER**

Defendant GREG TORREY, by counsel, respectfully submits its Brief in Support of ikts Motion respectfully requesting that this Court grant it leave to file dispositive motions in this action and to amend the current Case Management Order and related Scheduling Orders pursuant to Federal Rule of Civil Procedure 16(b)(4).

**INTRODUCTION AND FACTUAL BACKGROUND**

On May 14, 2018, Plaintiff filed his Complaint alleging a variety of causes of action including a First Amendment Retaliation Claim. [Doc. #1]. Plaintiff filed a First Amended Complaint on December 7, 2018. [Doc. #19]. Following very limited preliminary discovery, the parties filed Cross-Motions for Summary Judgment in March of 2019. [Doc. ##33-44]. On September 16, 2019, Magistrate Carmody entered a Report and Recommendation denying Plaintiff's Motion for Summary Judgment and partially granting Defendant's Motion, leaving only Plaintiff's retaliation claim as at issue in the action. [Doc. #47]. The Report and Recommendation was adopted by Judge Neff on January 10, 2020. [Doc. #51]. The Court's

ruling significantly limited the claims allowed to proceed in the action and clarified the focus of the case and the scope and alleged bases for Plaintiff's claims.

Pro bono counsel was appointed on behalf of Plaintiff on January 27, 2020, shortly after the Court's Order. [Doc. #53]. The undersigned counsel also was retained in connection with this matter following the appointment of Plaintiff's counsel. Since counsel entered their respective appearances, discovery in earnest has taken place, including numerous party and non-party depositions not taken prior to the filing of the initial motions which focused specifically on Plaintiff's remaining alleged claim for retaliation. Upon agreement of the parties, due to logistical issues including locating and scheduling depositions of witnesses, the completion of discovery will be completed beyond the close of discovery set by this Court, with Plaintiff's deposition set for October 21, 2020 and a remaining non-party deposition scheduled for October 23, 2020.

This Court previously issued its Case Management Order which stated that further dispositive motions would not be filed. [Doc. #58]. However, the Court subsequently extended the discovery deadline to allow for additional discovery and adjourned the Settlement Conference pursuant to the parties' stipulation. [Doc. #60]. This matter is currently set for a Settlement Conference on November 10, 2020. [Doc. #62].

ARGUMENT

Circumstances have meaningfully changed since Defendant filed his original Motion for Summary Judgment, Specifically, significant additional discovery relating directly to Plaintiff's lone remaining claim has taken place which clearly demonstrates that Defendant is entitled to judgment as a matter of law. In short, testimony was elicited from several

2

deponents that directly contradict Plaintiff's allegations and the purported bases for his claims in the lawsuit.

"Rule 16 permits district courts to amend the pretrial scheduling order provided that the movant demonstrates "good cause." Fed.R.Civ.P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements," though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp.*, P.C., 595 F. App'x 474, 478 (6th Cir. 2014), quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). *See also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

While Plaintiff may not agree with the relief sought herein, Plaintiff will certainly agree that the parties have worked diligently and collegially to complete meaningful discovery during a time of global pandemic. Given the constraints of this far-reaching pandemic, the parties were unable to complete discovery by the initial deadline, but cooperatively decided to conduct discovery as best served the case prior to filing this Motion, outside of the deadlines originally set by this Court. Defendants have had difficulty finding an appropriate time to depose Plaintiff given the issues within the State's prisons surrounding COVID-19, and Plaintiff has had difficulty locating, serving, and deposing non-party witnesses for similar COVID-19 related issues. Diligence of the parties is something all attorneys involved in this matter can agree upon.

In taking these depositions, however, it became clear to Defendant that sufficient evidence exists showing that Plaintiff's version of events is not accurate and that he is entitled to judgment as a matter of law. While Defendant recognizes that this is not the appropriate motion for an evidentiary discussion of the merits of this case, a brief overview

relative to the relief sought herein is appropriate. Defendant Plaintiff claims generally that Defendant was his supervisor in the kitchen at Lakeland Correctional Center and that Torrey terminated Plaintiff from his kitchen work position after Plaintiff filed a grievance against Defendant's assistant food service director. [Doc. #27]. However, the depositions taken by the parties have shown that: Defendant had no power to hire or fire individuals working within the kitchen; Plaintiff was not terminated for any conduct relating to his kitchen employment, but rather was terminated for a totally unrelated ticket for causing a major disturbance; and that Plaintiff was terminated from his kitchen job by then-Classifications Director Scott Cline, an employee of the MDOC, who per his own testimony, was the only individual with the power to hire or fire inmates from their work assignments. This important evidence was not adduced until after Plaintiff was represented following the initial denial of summary judgment and claim-specific discovery commenced.

Given the additional discovery including the several depositions conducted by the parties relative to Plaintiff's retaliation claim, Defendant requests that it be allowed to file a dispositive motion relating to this single claim, and that the current Orders be modified to allow for same. Defendant submits that the additional depositions, the timing issues relating to discovery, and the new testimony provided present good cause sufficient to modify the current Orders to allow for the filing of dispositive motions and to adjourn the settlement conference. Doing so will not prejudice Plaintiff, and Plaintiff, again who is and was represented by counsel during this phase of the proceedings, also may submit dispositive motions as he deems appropriate based upon the new testimony adduced in this action. Further, the request is not intended to delay the proceedings but rather to allow the Court to

adjudicate the viability of Plaintiff's remaining claim going forward based upon the new testimony and evidence.

Defendant believes that following the completion of discovery the testimony and evidence will allow this Court to rule as a matter of law on the pending retaliation claim at issue and conclusively resolve this action. Defendant respectfully requests that the Court grant it leave to file a motion for summary judgment on Plaintiff's claim for retaliation based upon the significant discovery that has taken place and the involvement of counsel, and similarly adjust the currently pending Case Management Order and Settlement Conference Orders to allow for such motions to be filed and ruled upon prior to any settlement conference. Further, Defendant respectfully requests that this Court adjust the currently pending Case Management Order and Settlement Conference Orders to allow the motions to be filed and rued upon prior to any settlement conference, and that the settlement conference currently scheduled be adjourned. Defendant believes that allowing it to file such a motion also will promote judicial economy and efficiency by streamlining any issues that may remain for trial including potentially avoiding an unnecessary trial in this matter.

## Conclusion

Defendant has shown good cause to revise the Court's current orders regarding scheduling and dispositive motions. The parties have diligently and collegially engaged in discovery on the merits, and Defendant has determined the additional discovery grants him a significant chance of receiving summary judgment on the merits of the claims raised against him.

WHEREFORE Defendant Torrey respectfully requests that this Court grant him leave to file a dispositive motion no later than thirty (30) days after Plaintiff's deposition is

5

concluded, currently scheduled for October 21, 2020; that this Court modify its previous scheduling orders to allow the filing and ruling on dispositive motions prior to any settlement conference; and for such other and further relief as this Court deems appropriate.

Dated:  October 19, 2020   Respectfully submitted,


By: /s/ Bradford S. Moyer
    Bradford S. Moyer (P51481)
    PLUNKETT COONEY
    333 Bridge St., NW Suite 530
    Grand Rapids, MI  49504
    (616) 752-4600


By: /s/ Alexander Chosid
    Alexander Chosid
    TKC Holdings, Inc.
    1260 Andes Blvd.
    St. Louis, MO 63132

*Attorneys for Defendant Greg Torrey*

Open.27118.03157.25123253-1

6