UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN BANKS #504504,

        Plaintiff,

v.

GREG TORREY,

        Defendant.

Case No.  1:18-cv-00538

Hon. Janet T. Neff

Magistrate Sally J. Berens

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS AND FOR AMENDMENT OF SCHEDULING ORDER

Plaintiff Damien Banks ("Plaintiff") submits this response to the motion for leave to file dispositive motions and for amendment of scheduling order filed by Defendant Greg Torrey ("Defendant").

### Introduction

Defendant's motion should be denied on the basis that (1) this Court has previously ordered that no further dispositive motions shall be filed in this case and (2) Defendant has not shown good cause to modify the Amended Case Management Order to allow the filing of dispositive motions.  On March 10, 2020, this Court entered an Amended Case Management Order ("Order") stating that all dispositive motions have been filed and resolved by Judge Janet T. Neff and no further dispositive motions shall be filed.  This Court's Order is clear and should remain undisturbed.  Moreover, good cause does not exist to modify the existing Order because recent discovery has not resolved all disputes of material fact in this case and judgment as a matter of law is inappropriate.  Therefore, this Court should deny Defendant's Motion for Leave to File Dispositive Motions and for Amendment of Scheduling Order.

**Background**

Plaintiff filed this action on May 14, 2018 alleging among other things that Defendant wrongfully retaliated against Plaintiff for filing grievances. (ECF #1). Since initiating this action, the parties had an opportunity to engage in limited discovery. On April 22, 2019, Plaintiff filed his motion for summary judgment. (ECF #33). On April 26, 2019, Defendant filed his cross-motion for summary judgment. (ECF #35). On September 16, 2019, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation that recommended denying Plaintiff's motion for summary judgment and granting in part and denying in part Defendant's motion for summary judgment. (ECF #47).

Magistrate Carmody recommended that the Court enter summary judgment in favor of Defendant for all of Plaintiff's claims except his retaliation claim. In support of that recommendation, Magistrate Carmody concluded that there remained questions of fact as to whether Plaintiff could satisfy two of the required elements in his retaliation claim: adverse action and causation. First, Magistrate Carmody determined that a factual dispute existed regarding whether Defendant took adverse action against Plaintiff. In his first amended complaint, Plaintiff alleges that Defendant took the following adverse action against him: (1) improperly terminated Plaintiff, on two different occasions, from his prison work assignment in food service, and (2) falsely charged Plaintiff with a misconduct violation which was subsequently dismissed. Because a reasonable juror could find that either conduct constituted an adverse action, Magistrate Carmody determined that there existed unresolved questions of fact regarding this element.

Second, Magistrate Carmody determined that there existed unresolved questions of fact regarding whether Plaintiff could establish that his engaging in constitutionally protected conduct was a motivating factor for Defendant's adverse action. Because Plaintiff had presented

direct evidence of Defendant's intent to terminate Plaintiff's employment in response to the grievances filed, Magistrate Carmody further determined there existed a dispute as to whether Plaintiff could establish causation.

On January 10, 2020, Judge Neff issued an Order and Opinion Approving and Adopting Magistrate Carmody's Report and Recommendation. (ECF #51). After Judge Neff's ruling, the matter was referred to this Court and Plaintiff was appointed counsel on January 27, 2020. On March 10, 2020, this Court entered an Amended Case Management and Scheduling Order. (ECF #58). Although the Order permitted the parties to engage in discovery, the Order stated that "further dispositive motions shall not be filed." *Id*. On June 15, 2020, the discovery deadline was extended to October 9, 2020. (ECF #61). However, despite the parties' diligent efforts to complete discovery within the deadline, two depositions needed to be scheduled on October 21 and October 23 because of scheduling related issues. Discovery is now complete and Defendant has filed a Motion for Leave to File Dispositive Motions and Amend the Scheduling Order.

## Argument

**I.       This Court has already determined that no further dispositive motions shall be filed.**

This Court's Order is clear; further dispositive motions shall not be filed in this case. Plaintiff and Defendant were given the opportunity to file dispositive motions and those motions were resolved by Judge Neff. Therefore, Plaintiff's retaliation claim should proceed to jury trial.

## II. Defendant has failed to demonstrate good cause to modify the Order to allow filing dispositive motions.

The circumstances in this case have not meaningfully changed to justify a modification of this Court's Order.  Defendant asserts that additional discovery of certain facts surrounding Plaintiff's retaliation claim has provided good cause to amend the Order to allow for the filing of dispositive motions.  Although Rule 16 permits this Court to modify a scheduling order upon good cause shown and with judge's consent, Defendant has not shown good cause to modify the Order.  See Fed. R. Civ. P. 16(b)(4).

Allowing the parties to file further dispositive motions in this case is inappropriate.  Defendant asserts that recent depositions have presented additional facts that contradict Plaintiff's claim that Defendant wrongfully terminated him from his food service work assignment.  However, even if Defendant could successfully establish that he does not possess termination power, there remains a dispute as to whether Defendant took adverse action when he issued a misconduct report against Plaintiff.  As addressed by Magistrate Carmody, in addition to his termination claims, Plaintiff asserts that Defendant falsely charged Plaintiff with a misconduct violation which was subsequently dismissed.  Magistrate Carmody determined that a jury could find that either act would constitute adverse action.  In addition, there remains a dispute as to whether the adverse action was motivated by Plaintiff filing grievances.  Therefore, additional discovery has not resolved all issues of material fact addressed in the Report and Recommendation subsequently adopted by Judge Neff.   This Court should not modify the Order to allow for the filing of dispositive motions.

## Conclusion

Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to File Dispositive Motions and for Amendment of Scheduling Order.

                                                MILLER JOHNSON
                                                Attorneys for Plaintiff

Dated: November 2, 2020          By: /s/ *Sara E. Weskalnies*
                                                D. Andrew Portinga (P55804)
                                                Sara E. Weskalnies (P84076)
                                                45 Ottawa Avenue SW, Suite 1100
                                                Grand Rapids, MI  49503
                                                (616) 831-1700
                                                portingaa@millerjohnson.com
                                                weskalniess@millerjohnson.com

MJ_DMS 32395644v1