UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN BANKS #504504,

    Plaintiff,                                 Hon. Janet T. Neff

v.                                           Case No. 1:18-cv-538

GREG TORREY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, has sued Defendant Greg Torrey, the Food Service Director at Lakeland Correctional Facility (LCF), under 42 U.S.C. § 1983, alleging that Torrey retaliated against him in violation of the First Amendment. Pursuant to my November 12, 2020 Order, Torrey has filed a Motion for Summary Judgment (ECF No. 77), which is now fully briefed and ready for decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Torrey's motion be **GRANTED IN PART AND DENIED IN PART**.

### I. Overview

**A.**     **Factual Background**

The pertinent facts of this case were previously set out by Magistrate Judge Carmody in her September 16, 2019 Report and Recommendation:

> As of October 3, 2017, Plaintiff was incarcerated at the Lakeland Correctional Facility, a prison operated by the Michigan Department of Corrections (MDOC). On this date, the Assistant Food Service Director terminated Plaintiff from his work assignment in food services. On October 8, 2017, Plaintiff filed a grievance alleging

wrongful termination. On October 19, 2017, Plaintiff was reinstated to his food service position following a determination that he had been wrongfully terminated.

On November 2, 2017, Food Service Director Greg Torrey stated to another prisoner that, "I don't know who Banks thinks he is, that grievance he wrote just got his ass fired." The following day, Torrey terminated Plaintiff's work assignment. Plaintiff filed another grievance alleging wrongful termination and retaliation. Following an investigation, Plaintiff was again reinstated to his food service work assignment.

On March 11, 2018, an MDOC officer searched Plaintiff's cell at Torrey's behest on the ground that Plaintiff had stolen a time card. While conducting this search, the officer stated to Plaintiff, "you are making things easy for Greg, Greg is going to love this, you are done in food service." That same day, the officer charged Plaintiff with "creating a disturbance," a charge of which Plaintiff was found guilty. Based on this finding, Torrey again terminated Plaintiff from his food service work assignment.

(ECF No. 47 at PageID.470–71.)

**B.     Procedural Background**

In her Report and Recommendation, Magistrate Judge Carmody recommended that: (1) Plaintiff's equal protection and intentional infliction of emotional distress claims be dismissed; (2) because Torrey is employed by Trinity Food Services—a private company that contracts with the MDOC to provide constitutionally-required services—his alleged conduct amounts to state action; (3) Plaintiff need not demonstrate that Torrey violated his rights pursuant to a Trinity practice, policy, or custom; (4) Plaintiff's allegations and evidence satisfied all three elements of his retaliation claim; (5) the physical injury requirement of 42 U.S.C. § 1997e(e) does not preclude Plaintiff's retaliation claim; and (6) Plaintiff's evidence sufficed to submit the issue of punitive damages to the jury. (*Id.* at PageID.473–81.) Judge Neff adopted the Report and Recommendation over Torrey's objections on January 10, 2020. (ECF No. 51.)

Following the summary judgment ruling, the Court appointed counsel for Plaintiff and issued an Amended Case Management Order (ACMO), which provided that "[d]ispositive motions having been filed and resolved by Judge Janet T. Neff, (ECF No. 51), further dispositive motions

shall not be filed." (ECF No. 58 at PageID.510.) On October 19, 2020, Torrey filed a motion for leave to file a motion for summary judgment. (ECF No. 70.) In his brief, Torrey explained that discovery conducted following the appointment of Plaintiff's counsel had disclosed significant evidence "showing that Plaintiff's version of events is not accurate and that [Torrey] is entitled to judgment as a matter of law." (ECF No. 70 at PageID.534.) In particular, Torrey represented:

> [T]he depositions taken by the parties have shown that: Defendant had no power to hire or fire individuals working within the kitchen; Plaintiff was not terminated for any conduct relating to his kitchen employment, but rather was terminated for a totally unrelated ticket for causing a major disturbance; and that Plaintiff was terminated from his kitchen job by then-Classifications Director Scott Cline, an employee of the MDOC, who per his own testimony, was the only individual with the power to hire or fire inmates from their work assignments. This important evidence was not adduced until after Plaintiff was represented following the initial denial of summary judgment and claim-specific discovery commenced.

(ECF No. 66 at PageID.535.) The Court granted Torrey's motion for leave to file a motion for summary judgment on November 12, 2020. (ECF No. 76.)

## II. Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. Discussion

Torrey raises the following grounds for summary judgment: (1) Plaintiff cannot demonstrate causation for his retaliation claim because the evidence shows that Torrey was not authorized to fire Plaintiff and was not the individual who terminated Plaintiff, and Plaintiff was terminated for conducted wholly unrelated to his kitchen job; (2) Plaintiff failed to exhaust his administrative remedies; (3) Torrey is entitled to qualified immunity; and (4) Plaintiff's evidence does not support his request for punitive damages. (ECF No. 78 at PageID.567–74.)

Because the parties quibble over whether Torrey has waived the defenses of qualified immunity and exhaustion, as an initial matter I address the proper scope of the issues now in play. The answer can be determined easily by reference to Torrey's motion for leave to file the instant motion. The ACMO precluded all further dispositive motions, but Torrey sought, and received, leave to raise one discrete issue: whether Plaintiff could establish the causal connection element of his claim based on his termination from his kitchen position. Torrey did not request leave to raise exhaustion or qualified immunity, and he is bound by his representation in his motion to the Court. Moreover, the issues of adverse action and punitive damages were addressed in the rulings concerning Torrey's prior motion for summary judgment and will not be revisited here.

The requirements for a valid First Amendment retaliation claim are well established. In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In addition, a plaintiff must be able to prove that the protected conduct was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of*

*Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). If the plaintiff can show that his protected conduct was a substantial or motivating factor in the defendant's alleged retaliatory conduct, "the burden shifts to the defendant to show that the same action would have been taken even absent the protected conduct." *Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir. 2002) (citing *Thaddeus-X*, 175 F.3d at 399).

Three adverse actions are at issue here: Torrey's issuance of two Class II misconduct tickets and the termination of Plaintiff's food service position. Torrey's motion focuses exclusively upon the termination. He argues that he was not responsible for terminating Plaintiff from his food service provision and that Plaintiff was terminated from his position for conduct unrelated to his food service position or any event that occurred in the kitchen. In support of this contention, Torrey cites deposition testimony from Scott Cline, an MDOC Classification Director at LCF at the time. Cline testified that Plaintiff was terminated from his position as a result of an incident during a search of Plaintiff's cell, in which Plaintiff became belligerent and was subsequently found guilty of creating a disturbance. (ECF No. 78-5 at PageID.679–81.) Plaintiff offers no evidence to contradict Cline's testimony, nor does he dispute that Torrey was not responsible for the termination. Accordingly, Torrey is entitled summary judgment insofar as Plaintiff alleges that Torrey terminated Plaintiff's food service position as a retaliatory act.

Plaintiff argues that his claim still survives because the two false Class II misconduct reports that Torrey issued qualify as adverse actions, and Plaintiff has presented affidavits from two prisoners, June Abney and Vincent Neely, setting forth statements by Torrey from which a causal connection can be inferred. (ECF Nos. 83-3, 83-4.) Magistrate Judge Carmody cited the Abney affidavit in her Report and Recommendation as evidence creating an issue of fact on causation. (ECF No. 47 at PageID.479.) In addition, Plaintiff alleges that during the search of his

cell on March 11, 2018, that led to the creating-a-disturbance charge and Plaintiff's termination, Officer Pavelko stated, "you are making things easy for Greg, Greg is going to love this, you are done in food service." (ECF No. 27 at PageID.96.)

Torrey argues that, for a number of reasons cited in his reply, Plaintiff's claim based on the misconduct reports fails. First, he argues that Plaintiff ignores that termination from his work assignment was the actual consequence that Plaintiff alleged in his amended complaint. While Plaintiff alleges that the misconducts and terminations show that Torrey's intent was to carry through with his threat of termination, his complaint does not limit the adverse action solely to the termination. (ECF No. 27 at PageID.97–98.) Moreover, because Plaintiff was pro se at the time he filed his amended complaint, his allegations must be construed liberally. *See Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) ("*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be construed liberally.") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Next, Torrey argues that the Class II misconducts do not qualify as adverse action, but as I have already noted, Magistrate Judge Carmody resolved this issue in her Report and Recommendation. And in any event, it is simply incorrect. The Sixth Circuit has held that the issuance of a minor misconduct ticket, resulting in the deprivation of privileges, "poses a sufficient deterrent threat to be actionable." *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018) (internal quotation marks omitted). Even if a plaintiff suffers no actual consequence, potential consequences alone are enough to constitute adverse action. *See Fletcher v. Bradford*, No. 1:18-cv-1160, 2018 WL 5961044, at *4 (W.D. Mich. Nov. 14, 2018) (a misconduct ticket on which the plaintiff was found not guilty was sufficiently adverse due to "the potential consequences of the misconducts, even if such consequences were never imposed"). Moreover, Plaintiff asserts that he was laid-in

6

for nine days following one of the misconducts, demonstrating that Plaintiff in fact suffered adverse consequences. (ECF No. 83-5 at PageID.768.) Finally, although Torrey cites his own deposition testimony to support his claim that he was not even aware of Plaintiff's grievances, Plaintiff's evidence suffices to create a dispute of fact regarding Torrey's knowledge.

## IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant in part and deny in part** Defendant's Motion for Summary Judgment (ECF No. 77), dismissing the portion of Plaintiff's retaliation claim based on his termination from his food services position but allowing the claim based on the Class II misconducts to proceed.

Dated: March 30, 2021  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).