UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN BANKS,

    Plaintiff,

v.

GREG TORREY, et al.,

    Defendants.
_____/

Case No. 1:18-cv-538

HON. JANET T. NEFF

**MEMORANDUM OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On leave granted (ECF No. 76), Defendant Torrey filed a motion for summary judgment (ECF No. 77). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part the motion. The matter is presently before the Court on Defendant Torrey's objections to the Report and Recommendation, to which Plaintiff filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.

    The Magistrate Judge recommends dismissing the portion of Plaintiff's retaliation claim based on his termination from his food services position but allowing the claim based on the Class II misconducts to proceed (R&R, ECF No. 87 at PageID.923). Defendant Torrey makes three

arguments in support of his position that the Magistrate Judge should have instead recommended summary judgment in his favor on all pending claims (ECF No. 88 at PageID.925).

First, Defendant Torrey argues that the affidavits upon which Plaintiff relied do not demonstrate a genuine issue of material fact, and Defendant Torrey argues that case law clearly supports summary judgment where the affidavits lack corroboration (*id.* at PageID.925-932). Defendant Torrey's argument lacks merit. As Plaintiff sets forth more fully in his response (ECF No. 90 at PageID.972-973), the affidavits were based on the affiants' personal knowledge of the particular events that occurred during their time working in food service at Lakeland Correctional Facility and were properly considered by the Magistrate Judge as supporting the allegations set forth in Plaintiff's Amended Complaint.

Second, Defendant Torrey argues that the Magistrate Judge erred in finding that the mere issuance of a minor misconduct report constitutes adverse action (ECF No. 88 at PageID.932-934). As the Magistrate Judge pointed out (R&R, ECF No. 87 at PageID.922), this issue was previously decided in the September 16, 2019 Report and Recommendation (ECF No. 47 at PageID.478), which this Court adopted (ECF No. 51). In any event, as the Magistrate Judge also points out, Defendant Torrey's argument for a contrary result is "simply incorrect" (R&R, ECF No. 87 at PageID.922, citing, e.g., *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018)). *See also Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation.").

Last, Defendant Torrey argues that the Magistrate Judge erred in determining that she could not make findings regarding Plaintiff's failure to exhaust his administrative remedies (ECF No. 88 at PageID.934-936). The Court disagrees. The Magistrate Judge properly limited her review of Defendant's motion to those issues on which leave was granted.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 88) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 87) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 77) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.

Dated:  September 15, 2021                        /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge